UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Fort Lauderdale Division)


KATHRYN KAETHER as personal
representative of the Estate of
WILLIAM HERRING, JR., deceased,
KATHRYN KAETHER and WILLIAM
HERRING, SR. as mother and father
of deceased.,                                                    CASE NO:  0:16-cv-62950-WJZ

       Plaintiffs,

vs.

ARMOR CORRECTIONAL HEALTH SERVICES, INC.,
a Florida corporation; SCOTT ISRAEL, in his official
capacity as Sheriff of Broward County, Florida;
STANLEY FRANKOWITZ, D.O. individually and as a
doctor employed by ARMOR CORRECTIONAL
HEALTH SERVICES, INC.; and JOHN MARTIN, M.D.,
individually and as a doctor employed by ARMOR
CORRECTIONAL HEALTH SERVICES, INC.,

       Defendants.
_____/

## DEFENDANT, ARMOR CORRECTIONAL HEALTH SERVICES, INC.'S

## ANSWER AND AFFIRMATIVE DEFENSES

**COMES NOW**, Defendant ARMOR CORRECTIONAL HEALTH

SERVICES, INC., (hereinafter referred to as "ARMOR") by and through

undersigned counsel, and files its Answer and Affirmative Defenses to the

Complaint [D.E. 1] filed by Plaintiff and would state as follows:

## <u>PRELIMINARY STATEMENT</u>

1.    Denied

      a.  Denied

      b.  Denied.

      c.  Denied.

      d.  Denied.

      e.  Denied.

## <u>JURISDICTION</u>

2.    Denied.

3.    Denied.

4.    Denied.

5.    Denied.

6.    Denied.

## <u>PARTIES</u>

7.    Unknown and therefore denied.

8.    Unknown and therefore denied.

9.    Admitted.

10.    Defendant, STANLEY FRANKOWITZ, D.O., at all times material herein was employed by ARMOR.   All other allegations in paragraph 10 are denied.

11.     Defendant, JOHN MARTIN, M.D., at all times material herein was employed by ARMOR.  All other allegations in paragraph 11 are denied.

12.     Denied.

13.     Denied.

## ALLEGATIONS OF FACTS

14.     Denied.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Unknown and therefore denied.

39.     Unknown and therefore denied.

40.     Denied.

## THE PRIOR INMATE DEATHS IN THE BROWARD COUNTY JAIL THAT SHOW ARMOR'S PATTERN

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.    Denied.

49.    Denied.

50.    Denied.

51.    Denied.

52.    Denied.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.

61.    Denied.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

69.    Denied.

70.    Denied.

71.    Denied.

72.    Denied.

73.    Denied.

74.    Denied.

75.    Denied.

76.    Denied.

77.    Denied.

78.    Denied.

79.    Denied.

80.    Denied.

81.    Denied.

82.    Denied.

83.    Denied.

84.    Denied.

85.    Denied.

86.    Denied.

87.    Denied.

88.     Denied.

101.    Denied.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

## THE CONTRACT AND THE MONEY

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Denied.

     a.      Denied.

     b.      Denied.

101.    Denied.

## THE CONSENT DECREE

102.    Denied.

103.   Denied.

104.   Denied.

105.   Denied.

106.   Denied.

107.   Denied.

108.   Denied.

109.   Denied.

110.   Denied.

111.   Denied.

112.   Denied.

     a.    Denied.

     b.    Denied.

## **COUNT I**
## **42 U.S.C. §1983 CLAIM**
## **DEFENDANT ARMOR CORRECTIONAL HEALTH SERVICES, INC.**

113.   Defendant, ARMOR, re-alleges and re-incorporates its response to paragraphs 1-9, 12-112 of the Complaint.

114.   Denied.

115.   Denied.

116.   Denied.

117.   Denied.

118.   Denied.

119.   Denied.

120.   Denied.

121.   Denied.

122.   Denied.

123.   Denied.

124.   Denied.

125.   Denied.

126.   Denied.

127.   Denied.

128.   Denied.

## COUNT II – 42 U.S.C. §1983 CLAIM – DEFENDANT ISRAEL

129.   Defendant, ARMOR, re-alleges and re-incorporates its response to paragraphs 1-8, 12-112 of the Complaint.

130. – 146.   The allegations in paragraphs 130–146 do not apply to Defendant, ARMOR.  To the extent that any of the allegations of paragraphs 130-146 are deemed to apply to Defendant, ARMOR, they are hereby denied.

## COUNT III – 42 U.S.C. §1983 CLAIM AGAINST DEFENDANT FRANKOWITZ

147.   Defendant, ARMOR, re-alleges and re-incorporates its response to paragraphs 1-7, 10, 12-95, 99-112 of the Complaint.

148. – 154. The allegations in paragraphs 148–154 do not apply to Defendant, ARMOR.  To the extent that any of the allegations of paragraphs 148-154 are deemed to apply to Defendant, ARMOR, they are hereby denied.

## COUNT IV – 42 U.S.C. §1983 CLAIM AGAINST DEFENDANT MARTIN

155.   Defendant, ARMOR, re-alleges and re-incorporates its response to paragraphs 1-7, 11-95, 99-112 of the Complaint.

156. – 162. The allegations in paragraphs 156 - 162 do not apply to Defendant, ARMOR.  To the extent that any of the allegations of paragraphs 156-162 are deemed to apply to Defendant, ARMOR, they are hereby denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

As its First Affirmative Defense, Defendant, ARMOR states that it is not liable for the injuries and/or death of William Herring, Jr. (herein after referred to as "Mr. Herring").

## SECOND AFFIRMATIVE DEFENSE

As its Second Affirmative Defense, Defendant, ARMOR states that Mr. Herring knew of, was aware of, or should have been aware of the existence of the dangers complained of in the Complaint.  Mr. Herring realized and appreciated the

possibility of injury and/or death as a result of the dangers he expressly exposed himself to, and having a reasonable opportunity to avoid or mitigate them, he voluntarily exposed himself to the dangers, relieving ARMOR of any liability.

### THIRD AFFIRMATIVE DEFENSE

As its Third Affirmative Defense, Defendant, ARMOR states that representatives of ARMOR, including but not limited to physicians, nurses and other healthcare practitioners did not have subjective knowledge of a risk of serious harm to Mr. Herring.

### FOURTH AFFIRMATIVE DEFENSE

As its Fourth Affirmative Defense, Defendant, ARMOR states that its representatives, including but not limited to physicians, nurses and other healthcare providers did not disregard a serious risk of harm to Mr. Herring of which they had subjective knowledge.

### FIFTH AFFIRMATIVE DEFENSE

As its Fifth Affirmative Defense, Defendant, ARMOR states that its representatives, including but not limited to physicians, nurses and other healthcare providers did not disregard a serious risk of harm to Mr. Herring of which they had subjective knowledge by conduct that was more than mere negligence.

## SIXTH AFFIRMATIVE DEFENSE

As its Sixth Affirmative Defense, Defendant, ARMOR states that the actions and omissions allegedly committed by Defendant, ARMOR, and/or its representatives, including but not limited to physicians, nurses and other healthcare providers in the Complaint do not rise to the level of a constitutional deprivation and are not actionable under 42 U.S.C. §1983.

## SEVENTH AFFIRMATIVE DEFENSE

As its Seventh Affirmative Defense, Defendant, ARMOR states that the injury, death, loss or damage claimed by the Plaintiff as a result of the actions of third parties over whom Defendant, ARMOR, had neither custody nor control.

## EIGHTH AFFIRMATIVE DEFENSE

As its Eighth Affirmative Defense, Defendant, ARMOR states that it did not have a custom or policy which was the moving force behind any violation of Mr. Herring's constitutional rights.

## NINTH AFFIRMATIVE DEFENSE

As its Ninth Affirmative Defense, Defendant, ARMOR, states that Decedent was negligent in failing to follow the advice and recommendations of his treating physicians, failing to seek medical care when he knew or should have known that treatment was indicated and/or necessary, and failing to give his healthcare providers full and accurate history of his past medical conditions and of signs and

symptoms of illness at the time he was being treated by this healthcare provider, all of which caused or significantly contributed to the injuries and damages complained of, thus barring all or part of Plaintiff's claim.

## JURY DEMAND

Defendant, ARMOR CORRECTIONAL HEALTH SERVICES, INC., demands a trial by jury as to all issues so triable.

/s/ S. Renee Stephens Lundy
S. RENEE STEPHENS LUNDY, ESQUIRE
Florida Bar No. 0501867
Dean, Ringers, Morgan & Lawton, P.A.
Post Office Box 2928
Orlando, Florida 32802-2928
Tel: 407-422-4310  Fax: 407-648-0233
RLundy@drml-law.com
BrittanK@drml-law.com
Denise.Covert@drml-law.com
Attorneys for Defendant, ARMOR

**I HEREBY CERTIFY** that on January 23, 2017, the foregoing was electronically filed through the Florida Courts E-Filing Portal which will send a notice of electronic filing to Christina M. Currie, Esquire, Lauer & Currie, P.A., 644 S.E. 5th Ave, Fort Lauderdale, FL 33301; Greg Lauer, Esquire, Lauer & Currie, P.A., 644 SE 5th Ave, Fort Lauderdale, FL 33301.

/s/ S. Renee Stephens Lundy
S. RENEE STEPHENS LUNDY, ESQUIRE
Florida Bar No. 0501867
Dean, Ringers, Morgan & Lawton, P.A.
Post Office Box 2928
Orlando, Florida 32802-2928
Tel: 407-422-4310  Fax: 407-648-0233
RLundy@drml-law.com
BrittanK@drml-law.com

Denise.Covert@drml-law.com
Attorneys for Defendant, ARMOR